Memorandum. Order of the Appellate Division affirmed, without costs. In affirming it is observed that the questioned "dunning” forms are at least arguably in bad taste and certainly socially undesirable in their impact on the less sophisticated members of the community, and perhaps in some instances violative of the applicable statute (General Business Law, § 601, subds 7, 9). It cannot be determined on this record whether the corporation was as co-operative as it protests it was or whether the dispute over the proposed "assurance” was meritorious and substantial, or was only an interaction of manipulative ploys. In such circumstances, the exercise of discretion of the Appellate Division in denying an injunction was not an abuse of its powers.
The question of whether an action or special proceeding was appropriate is not satisfactorily resolved in the briefs or the record. The significance of proceedings available in a plenary action is that the genuine issue of law involved, whether the forms violate or do not violate the law, could be explored as could the purported good faith efforts by the corporation to cooperate. There is enough in the forms and in the corporation’s *769 history in executing an "assurance” for the Federal Trade Commission to suggest that there are issues of law and fact concerning their use of dunning forms to require the attention of the Attorney-General. For these reasons, the affirmance is without prejudice to the Attorney-General initiating, as he may be advised, new and more carefully developed proceedings in enforcement of the applicable statute.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.